# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2012

Lyle W. Cayce
Clerk

No. 11-30997
Summary Calendar

STANLEY LINDSEY,

Plaintiff-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-59

Before STEWART, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Stanley Lindsey, Louisiana prisoner # 90359, moves this court for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application, wherein he sought to challenge his conviction for armed robbery and the life sentence imposed following his adjudication as an habitual offender. Lindsey argues that the trial court erred when it determined that his claims regarding the sufficiency of the evidence, the prosecutor's improper remarks during closing arguments, counsel's failure to appeal the denial of the motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suppress, counsel's failure to object to the prosecutor's improper remarks during closing arguments, and the constitutionality of the habitual offender adjudication were all procedurally barred. He also argues that the district court erred by determining that his remaining ineffective assistance of counsel claims and his claim regarding the State's withholding of exculpatory evidence were without merit.

To obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When the district court has denied federal habeas relief on procedural grounds, the applicant must demonstrate that reasonable jurists would find it debatable whether the § 2254 application states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. An applicant satisfies the COA standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Lindsey has not made the requisite showing regarding his procedurally defaulted claims concerning the sufficiency of the evidence, the prosecutor's improper remarks during closing arguments, and the constitutionality of the habitual offender adjudication. Likewise he has not made the requisite showing on the merits of his ineffective assistance of counsel claims, and his claim regarding the State's withholding of exculpatory evidence. Consequently, his motion for a COA is denied as to those claims.

The Supreme Court recently addressed the standard for overcoming procedurally defaulted ineffective assistance of counsel claims. *See Martinez v. Ryan*, 2012 WL 912950 (2012). When a state, like Louisiana, requires that a prisoner raise an ineffective assistance of counsel claim on collateral review, a prisoner can demonstrate cause for the default in two circumstances: (1) "where

the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial" and (2) "where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." *Id.* at *8 (citation omitted). Further, the prisoner must also show that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell* (describing standards for certificates of appealability to issue)." *Id.* (internal citations omitted).

Accordingly, a COA is granted on the dismissal of Lindsey's ineffective assistance of counsel claims that were procedurally defaulted; the judgment is vacated as to those claims; and the matter remanded for further proceedings in light of *Martinez. See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).

COA DENIED in part; COA GRANTED in part and VACATED and REMANDED.